MASON P. BROWN *v.* ORLANDO BROWN ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—253.]

**Construction of Will.**

> Where a testator made the support of an invalid daughter and the maintenance of his family a charge upon his whole estate, and gave his trustees the right to mortgage any of it or "to sell any real estate which may be necessary to pay debts and maintain the family," and directs that his children shall take as under the statute of descent and distribution except his said daughter, it is held that the division of the estate was not contemplated by the testator during the life of the daughter, and that the trustees had power to sell the real estate to support said daughter where it is necessary to do so.

APPEAL FROM FRANKLIN COURT OF COMMON PLEAS.

September 22, 1881.

OPINION BY JUDGE PRYOR:

We are satisfied that Orlando Brown, Sr., by his last will, made

the support of his daughter, Euphenia, and the maintenance of his family, a charge upon his whole estate, and his two sons, as trustees, or the survivor, are empowered fully to execute the trust. The trustees, or the survivor, are authorized by an express provision of that instrument "from time to time to mortgage any of my estate, real or personal, to raise money, if they think necessary to pay debts or support Euphenia." By a codicil attached they are empowered "to sell any real estate which may be necessary to pay debts and maintain the family." The prime object of the devisor seems to have been to provide for his unfortunate daughter, and while he directs that his children shall take as under the statute of descent and distribution, except Euphenia, he seems not to have contemplated a division of his estate, or if he did, as he had limited the estate of Euphenia to an estate for life, the better to secure for her a support, he charges the whole estate with the burden, and vests in his two executors, or the survivor, the power to execute the trust.

The daughter is still living and the widow is dead. One of the executors is also dead, and the surviving executor is now seeking a construction of the will, alleging that it is necessary to sell the real estate for the maintenance and support of his sister. This power is clearly given, and the right to sell such real estate as may be necessary for the support of Euphenia can be exercised. As to the extent of the power further than this it is not necessary to determine, as the only question before us is, Has the surviving trustee the power to sell? We think he has.

Judgment *affirmed*.

*Hugh Rodman, for appellant.*

*D. W. Lindsay, for appellees.*